UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HERBERT HILTON, ) | Case No. 5:05CV2010 |
| ) | |
| Petitioner, ) | |
| ) | JUDGE CHRISTOPHER A. BOYKO |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| CARL ANDERSON, ) | |
| ) | <u>REPORT AND RECOMMENDATION</u> |
| Respondent. ) | |

On August 17, 2005, Herbert Hilton ("Petitioner") filed *pro se* a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. For the following reasons, the undersigned recommends that this petition be DISMISSED with prejudice.

**I.     FACTUAL BACKGROUND/PROCEDURAL HISTORY**

On October 8, 2002, the Summit County Grand Jury indicted Petitioner on the following: (1) one count of having weapons while under disability, in violation of R.C. 2923.13(A) (5), a fifth degree felony; (2) one count of possession of cocaine, in violation of R.C. 2925.11(A), a second degree felony; (3) one count of illegal use or possession of drug paraphernalia, in violation of R.C. 2925.14(C) (1), a fourth degree misdemeanor; (4) one count of trafficking in cocaine, in violation of R.C. 2925.03(A) (2), a first degree felony; and (5) one count of possession of criminal tools, in violation of R.C. 2923.24, a fifth degree felony. Petitioner entered a plea of not guilty to these charges.

A jury trial was held on all of the charges except the possessing criminal tools charge, which the Court dismissed per the State's recommendation. On May 9, 2003, the jury acquitted Petitioner of having weapons while under disability, but found Petitioner guilty of trafficking in cocaine, possession of cocaine, and illegal use or possession of drug paraphernalia. The trial court sentenced him accordingly.

On July 1, 2003, Petitioner, through his trial counsel, filed a timely notice of appeal. ECF Dkt. #6, Attachment 6. On November 12, 2003, petitioner filed his brief, stating the following two (2) assignments of error:

1. Appellant's convictions for possession of a controlled substance and possession of drug paraphernalia are against the manifest weight and sufficiency of the evidence.
2. Appellant's conviction for trafficking in cocaine is against the manifest weight and sufficiency of the evidence.

ECF Dkt. #6, Attachment 7. On December 11, 2003, the State filed its brief in opposition. ECF Dkt. #6, Attachment 9. On March 24, 2004, the Ninth District Court of Appeals overruled Petitioner's assignments of error and affirmed the conviction. ECF Dkt. #6, Attachment 2, 11.

On June 7, 2004, Petitioner, acting pro se, filed a notice of delayed appeal and motion for leave to file delayed direct appeal in the Ohio Supreme Court. ECF Dkt. #6, Attachment 12-13. As cause for the untimely filing, Petitioner referenced a cash slip withdrawal for postage attached to his motion which indicated that he had placed his notice of appeal and memorandum in support of jurisdiction with the prison mail room on May 5, 2004.[1] If a delayed appeal were to be granted,

---

[1] Petitioner explains that this initial appeal which he delivered to the prison mail room on May 5, 2004, did not arrive to the Ohio Supreme Court until May 17, 2004. ECF Dkt. #1 at 12. The forty-five day period for filing a timely notice of appeal in the Ohio Supreme Court expired on Monday, May 10, 2004. *See*

2

Petitioner proposed in his motion the following lone proposed proposition of law:

> (Proposed) Proposition of Law: A conviction based upon insufficient evidence cannot be permitted to stand. These convictions were for possession of cocaine and for trafficking in cocaine.

ECF Dkt. #6, Attachment 13 at 2. The Ohio Supreme Court denied leave to file a delayed direct appeal on July 14, 2004. ECF Dkt. #6, Attachment 14.

On February 3, 2005, Petitioner, acting pro se, filed a delayed application to reopen his direct appeal in the court of appeals pursuant to Ohio App.R. 26(B), claiming that his appellate counsel was ineffective for not having presented the following two assignments of error on direct appeal:

1. The trial court allowed prejudicial and inadmissible other acts evidence to support a guilty verdict and deny fundamental fairness;
2. Trial counsel denied the effective assistance of counsel for failing to argue the defendant's answer to other acts without the presentment of an indictment or knowing nature and cause of accusation under the Sixth Amendment.

ECF Dkt. #6, Attachment 15. On March 4, 2005, the Appeals Court, finding a lack of demonstrable good cause for the delay in filing for 26(B) relief, denied the application. ECF Dkt. #6, Attachment 16.

On March 29, 2005, Petitioner, pro se, filed a timely notice of appeal in the Ohio Supreme Court from the denial of his delayed 26(B) application. ECF Dkt. #6, Attachment 17-18. In his appeal, Petitioner presented two propositions of law:

> Proposition of Law No. 1: Denial of an application to reopen, under App.R. 26(B), when another right of an appellant has been violated, intrudes upon appellant's right to effective assistance and due process under the Sixth and Fourteenth Amendments.

---

ECF Dkt. #6. Thus, the Clerk refused to file his appeal because it was untimely. ECF Dkt. #1 at 12; *See* S. Ct. Prac. R. II. Petitioner then filed a delayed appeal which arrived June 7, 2004. ECF Dkt. #6, Attachment 12-13.

3

<u>Proposition of Law No. 2</u>: Appellate counsel denied the guaranteed effective assistance of appellate counsel by the Sixth and Fourteenth Amendments.

ECF Dkt. #6, Attachment 18. On April 19, 2005, the state filed its jurisdiction response. ECF Dkt. #6, Attachment 19. On June 29, 2005, the Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question. ECF Dkt. #6, Attachment 20.

On August 17, 2005, Petitioner, again acting pro se, filed the instant petition for writ of habeas corpus, stating the following six (6) claims for relief:

<u>GROUND FOR RELIEF NO. 1</u>: Conviction for possession of a controlled substance is in violation of the protection against insufficient evidence.

<u>GROUND FOR RELIEF NO. 2</u>: Conviction for trafficking in cocaine is in violation of the protection against insufficient evidence.

<u>GROUND FOR RELIEF NO. 3</u>: Petitioner was denied the right of access to the courts under due process and equal protection.

<u>GROUND FOR RELIEF NO. 4</u>: Appellate counsel denied effective assistance [of] counsel on first appeal as of right.

<u>GROUND FOR RELIEF NO. 5</u>: Conviction was obtained by the trial court allowing prejudicial and inadmissible other acts evidence to support a guilty verdict and deny fundamental fairness.

<u>GROUND FOR RELIEF NO. 6</u>: Denial of due process and equal protection on first appeal as of right.

ECF Dkt. #1, at ¶ 12(A)-(F). On November 3, 2005, District Judge Christopher A. Boyko referred the instant case to the undersigned for a report and recommendation. ECF Dkt. #4. On January 6, 2006, Respondent filed a return of writ. ECF Dkt. #6. On March 3, 2006, Petitioner filed a traverse. ECF Dkt. #9.

## II.     STANDARD OF REVIEW

Since Petitioner filed his habeas petition after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), standards apply. *See Harpster v.*

*Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

### A. Procedural Barriers to Review

Before a court will review the merits of a federal petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Namely, a habeas petitioner must surmount the barriers of time limitation, exhaustion and procedural default.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27 (2004). A state prisoner must complete one full round of the state's appellate review system. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732-33 (1999) (holding that state prisoners must complete one full round of the state's established appellate review system, including a petition for discretionary review when available by the state's highest court, before filing a habeas petition in federal court). The petitioner must give the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). A petitioner must present his claim "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). When a Petitioner presents the federal court with both exhausted and unexhausted claims, the Court must dismiss the mixed petition so long as a remedy exists at the state level. *Rose*

5

*v. Lundy*, 455 U.S. 509, 518-20 (1982).  The Sixth Circuit has expressed a preference for dismissing the unexhausted claims, staying the petition and allowing a Petitioner to promptly exhaust his state remedies and return to federal court without fear of running afoul of the one-year statute of limitations.  *See Palmer v. Carlton*, 276 F.3d 777 (6th Cir. 2002).

The United States Supreme Court has recently held that federal district courts should stay, rather than dismiss, a mixed habeas corpus petition containing exhausted and unexhausted claims in order to permit the petitioner to raise his unexhausted claims in the state court and then return to the federal court for consideration of the federal habeas corpus petition.  *Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 1534 (2005).  However, the Court found that staying federal habeas corpus petitions pending exhaustion in the state courts must be compatible with the AEDPA's twin purposes of finality and streamlining federal habeas proceedings.  *Id.*  Accordingly, the Court outlined the limited circumstances in which granting a stay pending exhaustion would be appropriate.  The Court explained that, "a stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court[,]" and a stay is never appropriate where the "unexhausted claims are plainly meritless." *Rhines*, 125 S. Ct. at 1535.  Thus, the Court held that in order to obtain a stay and abeyance of a federal habeas corpus petition that contains exhausted and unexhausted claims, the district court must determine that: good cause exists for Petitioner's failure to exhaust his claims first in state court; Petitioner's unexhausted claims are not plainly meritless; and Petitioner has not engaged in intentionally dilatory litigation tactics or intentional delay.  *Rhines*, 125 S. Ct. at 1535.  The Court also cautioned that a court should not stay a mixed petition indefinitely as to do so would violate the clear timeliness concerns reflected in the AEDPA.  *Id.*

6

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because of the petitioner's noncompliance with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). If a defendant fails to present his federal claims to the state court in the manner required by a long-standing state procedural rule and the final state court addressing the claim holds that further consideration of the claim is precluded because of a defendant's procedural default, then a district court cannot consider the merits of the claim absent a showing of cause for the state procedural default and prejudice resulting from the constitutional error asserted by the claim. *Wainwright*, 433 U.S. at 86-87. In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). A court can raise the doctrine of procedural default *sua sponte*. *See Elzy v. United States,* 205 F.3d 882 (6th Cir. 2000).

A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527 (1986).

### B. Standard of Review for the Merits of a Claim

When a habeas petitioner overcomes the aforementioned procedural obstacles, the AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The

7

AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> > (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

Under the "contrary to" clause, federal courts may only grant the petitioner's writ if the state court's decision contradicts Supreme Court precedent on a question of law or if, in a case with facts materially indistinguishable from a Supreme Court case previously decided, the state court reaches an outcome different from that required by the Supreme Court's decision. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The "unreasonable application" clause permits a federal court to grant habeas relief only if the state court applies a correct legal principle to the facts of the case in an objectively unreasonable manner. *Id.* at 411. The Supreme Court has cautioned that a "federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.; see also Bailey v. Mitchell*, 271 F.3d 652, 655-56 (6th Cir. 2001).

In addition, the undersigned notes that federal habeas courts are obliged to "accept a state court's interpretation of that state's statutes and rules of practice." *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir.1986). Similarly, a federal court is not free to ignore the pronouncement of a state

8

appellate court on matters of state law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676 (6th Cir. 2000). Lastly, "a determination of a factual issue made by a state court shall be presumed correct." 28 U.S.C. § 2254(e)(1). A petitioner has the burden of rebutting this presumption of correctness by clear and convincing evidence. *See id.*

### III. ANALYSIS

Petitioner argues that the convictions for possession of a controlled substance and trafficking in cocaine were not supported by the sufficiency of the evidence, that he was denied access to the Courts during his direct appeal, denied effective assistance of appellate counsel, other act evidence was incorrectly omitted and his 26(B) application was denied in violation of due process and equal protection. *See* ECF Dkt. #1. Respondent submits that Petitioner's claims are procedurally defaulted and otherwise without merit. *See* ECF Dkt. #6. The undersigned will address of each of Plaintiff's grounds for relief in turn.

#### A. Grounds for Relief One and Two

A federal habeas court is barred from considering issues that could have been raised in the state courts, but were not, and which may not be presented to those state courts due to procedural default or waiver. *Engle v. Isaac,* 456 U.S. 107 (1982). Indeed, in order to preserve his constitutional claims for habeas corpus review, a habeas corpus litigant must raise each constitutional claim in the appropriate forum and present those claims all the way through the Ohio courts. *See Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). Thus, the judgment of conviction on direct appeal, and any adverse decision rendered by the trial court in post conviction, must be appealed to both the Ohio Court of Appeals and thereafter to the Supreme Court of Ohio. *See id.*

9

With that in mind, in Ohio, the failure to present a claim to either a Court of Appeals or to the Ohio Supreme Court constitutes a waiver of the claim. *State* v. *Broom*, 40 Ohio St. 3d 277, 288-289 (1988); *State v. Moreland*, 50 Ohio St. 3d 58, 62 (1990). And the failure of a state inmate to appeal a claim to the Supreme Court of Ohio constitutes a procedural default on habeas review. *See Barkley v. Konteh*, 240 F. Supp. 2d 708 (N.D. Ohio 2002). To overcome this bar on habeas review, a petitioner must present cause for the default and actual prejudice. *Murray v. Carrier,* 477 U.S. 478 (1986); *Fornash v. Marshall,* 686 F.2d 1179 (6th Cir. 1982), *cert. denied,* 460 U.S. 1042 (1983).

Here, Petitioner failed to comply with the 45-day time requirement for filing a direct appeal to the Ohio Supreme Court. *See* Ohio Sup.Ct.R. II, section 2(A)(1)(a). Petitioner raised his first and second grounds for relief on direct appeal to the Ohio Court of Appeals, but failed to timely appeal to the Ohio Supreme Court. Petitioner then raised these two grounds in his delayed appeal to the Ohio Supreme Court. The Ohio Supreme Court declined to hear his delayed appeal. *See* ECF Dkt. #6, Exhibit 14. This constitutes waiver and procedural default.

However, as Respondent notes, Petitioner has arguably presented cause for this default by way of his third grounds for relief. In order to establish cause to excuse a procedural default, a petitioner must ordinarily show that some factor external to the defense prevented his ability to comply with the procedural requirement. *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). In his third ground for relief, Plaintiff recounts his efforts to timely file a direct appeal in the Ohio Supreme Court. *See* ECF Dkt. #1 at 12. Plaintiff delivered his appeal to the mail room on May 5, 2004. ECF Dkt. #6, Exhibit 13 at 2, 5. However, it did not arrive to the Ohio Supreme Court until May 17, 2004, which was past the appeal window. *See* ECF Dkt. #1 at 12. Plaintiff, upon learning of the delay, immediately filed a motion for delayed appeal which was

10

received June 7, 2004. *See* ECF Dkt. #1 at 12, ECF Dkt. #6, Attachment 13.

Had Petitioner's appeal been mailed from the prison mail room timely, it seems likely that it would have arrived timely at the Ohio Supreme Court. *See Maples v. Stegall*, 340 F.3d 433, 439 (6th Cir. 2003) (finding that if the prison had accepted and mailed the appeal when he first attempted to deliver it would have more than likely been timely delivered in the normal course of events). The prejudice resulting from the delay is that the Ohio Supreme Court refused to consider Petitioners claims of insufficient evidence. Moreover, the state does not contest that the procedural default prejudiced Petitioner. Thus the undersigned recommends that the Court find that Petitioner has presented cause and prejudice for his failure to timely file in the Ohio Supreme Court. *See Robertson v. Abramajtys*, 144 F. Supp. 2d 829, 840 (D. Mich. 2001) (recognizing that "the difficulties with court filings faced by pro se petitioners -- including having no choice but to rely on both prison officials and the 'vagaries of the mail' without any ability to remedy or monitor any missteps along the way -- should suffice as adequate 'cause' to excuse a state procedural default in at least certain situations).

The undersigned will turn to the merits of Petitioner's claims. *See, e.g.*, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (recognizing that a federal court should assess the merits of a state habeas petitioner's procedurally defaulted claim when the petitioner has demonstrated cause and prejudice that excuses the default). Sufficiency of the evidence claims are based upon principles of federal due process and require record evidence to reasonably support a finding of guilt beyond a reasonable doubt. *See Tibbs v. Florida*, 457 U.S. 31, 45 (1982) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). The relevant inquiry, is whether, upon viewing the evidence in the record in a light most favorable to the prosecution, any rational trier of fact could have found the essential

11

elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979); *see Scott v. Mitchell*, 209 F.3d 854, 863 (6th Cir. 2000); *Benge v. Johnson*, 312 F. Supp. 2d 978, 1000 (D. Ohio 2004); *but see Starr v. Mitchell*, 2000 U.S. App. LEXIS 25646, 9-10 (6th Cir. 2000) (explaining that the *Jackson* standard has been modified by 28 U.S.C. § 2254(d)). A sufficiency of evidence review, for purposes of federal habeas relief, does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather on whether it made a rational decision to convict or acquit. *Herrera v. Collins*, 506 U.S. 390, 402, 122 L. Ed. 2d 203, 113 S. Ct. 853 (1993) (clarifying *Jackson*); *Benge*, 312 F. Supp. 2d at 1000. This Court does not substitute its opinion as to the weight of the evidence or the credibility of witnesses. *See United States v. Jackson*, 55 F.3d 1219, 1225 (6th Cir. 1995); *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992). In determining whether a state court's adjudication was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, this Court must presume as correct any factual findings made by the state courts, unless petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Benge*, 312 F. Supp. 2d at 987.

In the instant case, the evidence presented at trial supports the finding by the state appellate court that there was enough evidence for a reasonable trier of fact to conclude that Petitioner had possession of a controlled substance and was trafficking in cocaine. The state presented evidence that Petitioner was sitting in a chair between the living and dining rooms with no shirt on and he had a large wad of small bills in his pocket when the police entered the house. ECF Dkt. #6, Attachment 11 at 10-11. On the dining room table was a fanny pack containing drugs in four plastic baggies. *Id.* at 10. The Police found drug paraphernalia in other parts of the house, including crack pipes, a choreboy and a filter for a crackpipe. *Id.* Police also found clothes and shoes in the master bedroom

12

that belonged to Petitioner, along with pictures of Petitioner. *Id.* at 10-11. A detective testified that verified information revealed that crack cocaine had been sold from the address and surveillance connected Petitioner with the residence. *Id.* at 10. Police also found two scales used to weigh cocaine, one which had cocaine residue. ECF Dkt. #6, Attachment 11 at 10-11. A witness testified that Petitioner had come into the house earlier that day with a little plastic bag of crack cocaine which he placed on the table. *Id.* at 12. She also testified that in the past she had given Petitioner money from selling drugs. *Id.* at 12. Reasonable minds could find that the state established sufficient proof that Petitioner had possession of the cocaine and was trafficking in cocaine. Thus, the state court adjudication was not contrary to, nor an unreasonable application of federal law. Therefore, the undersigned recommends that the Court dismiss Petitioner's first and second grounds for relief.

### B. Grounds for Relief Three

As to Petitioner's Third ground for relief, Petitioner argues that he was denied access to the Ohio Supreme Court when he delivered his Notice of Appeal and Memorandum in Support of Jurisdiction to the prison mail room before it was due to be filed in the Ohio Supreme Court, but yet it did not arrive in the Ohio Supreme Court timely. ECF Dkt. #1 at 12. As noted above, the undersigned has accepted this ground as cause to excuse the procedural default of the first two grounds for relief in the instant petition. Be that as it may, to be thorough, the undersigned will also address it as a separate ground for relief.

The Ohio Supreme Court has specifically rejected the argument that a petition is filed when it is delivered to the prison mail room. *State ex rel. Tyler v. Alexander*, 52 Ohio St. 3d 84 (Ohio 1990) (rejecting the prisoner mailbox rule); *State v. Hansbro*, 2002 Ohio 2922, P25 (Ohio Ct. App.

13

2002) (holding that a document is considered filed when it is filed with the clerk of courts, not when it is placed in the prison mailing system); *State v. Williams*, 157 Ohio App. 3d 374, 377 (Ohio Ct. App. 2004) (holding that any document is considered filed when it is filed with the clerk of court, and not when it is placed in the prison mailing system).

Also, "[a]lleged errors of state procedure and evidence rarely serve as a basis for federal habeas relief." *Newsome v. Baker*, 1993 U.S. App. LEXIS 32717 (6th Cir. 1993) (citing *Estelle v. McGuire*, 112 S.Ct. 475, 480 (1991)); *Burgett v. Texas*, 389 U.S. 109, 113-14 (1967). In considering a petition for a writ of habeas corpus, "the federal courts must defer to a state court's interpretation of its own rules of evidence and procedure[,]" *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985) (citations omitted); *see also Brewer v. Overberg*, 624 F.2d 51, 52 (6th Cir. 1980), because "state courts are the ultimate arbiters of state law." *Sweet,* 22 F.Supp.2d at 716 (quoting *Mullaney v. Wilbur*, 421 U.S. 684 (1975)). Further, rulings on matters of state law, including evidentiary rulings or other alleged erroneous rulings involving state law, are not cognizable in federal habeas corpus unless the ruling renders a trial fundamentally unfair. *Estelle v. McGuire,* 502 U.S. 62, 75 (1991); *Pulley v. Harris,* 465 U.S. 37, 41 (1984) (stating that federal courts may not issue the writ on the basis of a "perceived error of state law").

The filing requirements set by the Ohio Supreme Court are state procedural rules. As such, the Ohio Supreme Court's decision that Petitioner's appeal was untimely is not reviewable by the federal court. Moreover, the lone ground for relief contained in his appeal are presented as the first two grounds for relief in the instant petition and as explained above, they fail on the merits. Thus, even had the Ohio Supreme Court accepted his appeal as timely, his ground for relief would have been found meritless. Accordingly, the Ohio Supreme Court's denial of Petitioner's claim was not

14

fundamentally unfair. *See Estelle*, 502 U.S. at 75; *See also Rodgers v. Hawley*, 14 Fed. Appx. 403, 409 (6th Cir. 2001) (noting a federal petitioner must prove the regulations in the prison mail room prevented him from pursuing a *legitimate* legal claim).

Based on the foregoing, the undersigned recommends that the Court DENY this Third ground for relief as noncognizable.

### C. Grounds for Relief Four, Five and Six

Plaintiff inartfully argues that on appeal, he received ineffective assistance of appellate counsel because his appellate counsel was the same as his trial counsel and thus, did not thoroughly examine the record for errors, including failing to raise ineffective assistance of trial counsel for failure to object to "other act" evidence and failure to raise the issue of the trial court allowing other acts evidence of alleged prior drug sells and alleged possession of "white" crack cocaine. ECF Dkt. #1 at 13. Petitioner also argues substantively that the trial court erred in allowing the state to introduce "alleged inadmissable acts" of Petitioner, namely that he had brought a small bag of white cocaine into the house and money had been given to him on prior occasions for drugs. ECF Dkt. #1 at 14. Lastly, Petitioner argues that his 26(B) petition should not have been denied as Petitioner raised a colorable claim of ineffective assistance of appellate counsel, stating the same reasons for this ineffective assistance as above. ECF Dkt. #1 at 15.

Plaintiff's Fourth and Fifth grounds for relief, in so far as they were raised in his 26(B) petition are procedurally defaulted because his 26(B) petition was untimely filed. Absent a showing of cause, a habeas petitioner is generally procedurally barred from litigating claims not fairly presented to the state courts. *See Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). The one exception to procedural default is where the habeas petitioner can

15

demonstrate a sufficient probability that the failure to review will result in a "fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 146 L. Ed. 2d 518 (2000) (citing Coleman, 501 U.S. at 750).

The Sixth Circuit analyzes procedural default under the four-prong standard of *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under *Maupin*, the state first must show that: (1) the petitioner failed to comply with an applicable procedural rule; (2) the state courts actually enforced the procedural sanction; and (3) the state procedural bar is an adequate and independent state ground on which the state can foreclose federal review. *Id.* at 138. If the state successfully makes this showing, then the petitioner must demonstrate "cause" for not following the procedural rule and that actual prejudice resulted from the alleged constitutional error. *Id.*

The state has met its burden under this test. First, Plaintiff had 90 days from the date of journalization or until June 22, 2004 to file a timely application for reopening. However, he did not file his 26(B) application until February 3, 2005. *See* ECF Dkt. #s 11, 15. Thus, Plaintiff failed to comply with the procedural rule. Second, the state appeals court actually enforced the procedural sanction and dismissed the application because it was untimely. *See* ECF Dkt. #6, Attachment 16. The Sixth Circuit has held that it is "well-established" that claims of ineffective assistance of appellate counsel must be raised in a motion for reconsideration within ninety days, as specified by Rule 26(B). *See Monzo v. Edwards*, 281 F.3d 568, 577-78 (6th Cir. 2002); *see e.g., Williams v. Bagley*, 166 Fed. Appx. 176, 179-180 (6th Cir. 2006). Plaintiff has not demonstrated good cause for failure to timely file for purposes of Rule 26(B) or for purposes of the instant federal habeas petition. Thus, the undersigned concludes that these grounds for relief have been procedurally defaulted.

As to Petitioner's Fourth ground for relief, even if it was not defaulted, there is no ineffective assistance of appellate counsel for failure to raise issues of ineffective assistance of trial counsel because there was no ineffective assistance of trial counsel. Only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome. *Coleman v. Mitchell*, 268 F.3d 417, 430; *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986). As explained below, trial counsel objected to the admittance of testimony regarding Petitioner's "other acts" including selling drugs and bringing drugs into the house. Further, trial counsel elicited testimony from the same witness suggesting that the drugs found by the police on the day in question were different in appearance from the drugs Petitioner had brought into the house earlier in the day. Thus, it is clear from the record that trial counsel made appropriate efforts to prevent testimony and then asked appropriate questions on cross-examination. Further, as Petitioner has noted, his trial counsel argued in sidebar, made a motion in limine and a motion for mistrial on these issues. *See* ECF Dkt. #1 at 13.

Further, even if Petitioner's Fifth ground for relief was not defaulted, it would fail on the merits as it pertains to Ohio rules of evidence and is noncognizable. As aforementioned, "[a]lleged errors of state procedure and evidence rarely serve as a basis for federal habeas relief." *Newsome v. Baker*, 1993 U.S. App. LEXIS 32717 (6th Cir. 1993) (citing *Estelle v. McGuire*, 112 S.Ct. 475, 480 (1991)); *Burgett v. Texas*, 389 U.S. 109, 113-14 (1967). In considering a petition for a writ of habeas corpus, "the federal courts must defer to a state court's interpretation of its own rules of evidence and procedure[,]" *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985) (citations omitted); *see also Brewer v. Overberg*, 624 F.2d 51, 52 (6th Cir. 1980), because "state courts are the ultimate arbiters of state law." *Sweet,* 22 F.Supp.2d at 716 (quoting *Mullaney v. Wilbur*, 421

17

U.S. 684 (1975)). Further, rulings on matters of state law, including evidentiary rulings or other alleged erroneous rulings involving state law, are not cognizable in federal habeas corpus unless the ruling renders a trial fundamentally unfair. *Estelle v. McGuire,* 502 U.S. 62, 75 (1991); *Pulley v. Harris,* 465 U.S. 37, 41 (1984) (stating that federal courts may not issue the writ on the basis of a "perceived error of state law").

Under Ohio evidence rule 404(B), prior conduct or "other acts" evidence is admissible at trial for the limited purposes of showing motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. On direct examine, the government asked Sabrina Robinson several questions including how long she has known Petitioner and to whom she gave the proceeds of her drug sales. ECF Dkt. #6, Attachment 25 at 48. Defense counsel requested that the Government clarify on which date he was referring regarding the drug sale proceeds. *Id.* The Judge held a sidebar where Defense counsel objected to any questions regarding September 17, 2002 because the events surrounding the charges in question occurred on September 26, 2002. *Id.* at 48-50. The attorney for the Government responded that he was not asking about any events happening on September 17, but rather his questions were in general. ECF Dkt. #6, Attachment 25 at 49. The trial court judge overruled the objection but specified that there were to be no questions regarding September 17, 2002, and the witness was to answer the question of to whom she gave money from drug sales without reference to specific dates. *Id.* at 50. This ruling did not render the trial fundamentally unfair.

Moreover, when answering the question, the witness indicated that she did not give Plaintiff money for drugs on the day in question. After the attorney for the government finished his question, the witness then volunteered that she had given Petitioner money for drugs in the past. *See* ECF

18

Dkt. #6, Attachment 25 at 51.  Also, with regard to the testimony that Petitioner brought drugs into the house on the day in question, on cross-examination, the Defense attorney solicited from Ms. Robinson that the drugs Petitioner brought into the house were a different color then the ones retrieved by the police.  *See* ECF Dkt. #6, Attachment 25 at 51-53.  In total, the undersigned can not conclude that the trial court's ruling on the evidentiary issue rendered the trial fundamentally unfair.

Lastly, as to Petitioner's Sixth ground for relief, as it pertains to Ohio rules of appellate procedure, for the same reasons as discussed above even if this Ground was not defaulted, it is noncognizable on habeas review.  Plaintiff argues that he was denied due process and equal protection because the state appeals court denied his 26(B) application wherein he raised the above issues of ineffective assistance of counsel.  *See* ECF Dkt. #1 at 15.   For the same reasons as discussed above, "the federal courts must defer to a state court's interpretation of its own rules of evidence and procedure."  *See Machin*, 758 F.2d at 1433; *see also Brewer*, 624 F.2d at 52.  There is no place on habeas review for the federal court to second guess a state's appellate court's procedural rules because "state courts are the ultimate arbiters of state law."  *Sweet,* 22 F.Supp.2d at 716 (quoting *Mullaney v. Wilbur*, 421 U.S. 684 (1975)).

In conclusion, the undersigned recommends that the Court find that Petitioner's Fourth, Fifth and Sixth grounds for relief are procedurally defaulted and/or meritless.  Thus, the undersigned recommends that the Court DENY Petitioners Fourth thru Sixth Grounds for Relief.

**IV.    CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the Court DISMISS in its entirety with prejudice the instant petition for writ of habeas corpus.  ECF Dkt. #1.


Dated: August 8, 2006                                       /s/George J. Limbert
                                                                              George J. Limbert
                                                                              United State Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).